IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN A. DUCKSWORTH,

          Plaintiff,                            OPINION AND ORDER

     v.                                                24-cv-592-wmc

RANDIE L. JOHNSON, THOMAS SHARP,
MATHEW P. MARTINSON, NICHOLAS B. RICE,
C. SCHOBER, JOSEPH M. BRANDT, T. CARVER,
CASEY JENSEN, BART HOTTENSTEIN, E. DUNAHAY,
and M. GARAVALIA,

          Defendants.

---

Currently an inmate at Oshkosh Correctional Institution and representing himself, plaintiff Brian Ducksworth claims that several employees at Jackson Correctional Institution ("JCI") violated his Eighth Amendment rights. Specifically, Ducksworth alleges that defendants were deliberately indifferent to the risk that another inmate, Derrick McGhee, would assault him if they remained housed in the same unit at JCI. As an incarcerated litigant, Ducksworth must comply with the Prison Litigation Reform Act ("PLRA"), which requires that incarcerated persons exhaust their administrative remedies before filing a federal lawsuit. 42 U.S.C. § 1997e(a). Defendants have moved for summary judgment on exhaustion, arguing that Ducksworth failed to exhaust his administrative remedies before asserting his claims in

this court. For the reasons explained below, the court grants defendants' motion in part and denies in part.[1]

## UNDISPUTED FACTS

On November 29, 2022, Ducksworth and his cellmate, Derrick McGhee, were involved in a verbal altercation in their cell, which ended with officers separating them overnight. (Dkt. #4-1, at 1.) At breakfast the next morning, McGhee punched Ducksworth in the face, at which point McGhee was immediately handcuffed. (Dkt. #4-2, at 1.) While in handcuffs, McGhee stated to corrections officers that "every time I see [Ducksworth] I'm going to beat his ass." (*Id.*) Again, later in the day when discussing the incident, McGhee said, "when I get out of [segregation], I am going to beat [Ducksworth] up." (*Id.* at 3.) McGhee spent 60 days in segregation after the incident. (*Id.* at 2.)

Ducksworth filed an inmate complaint about the November 30 incident on the same day it occurred. (Dkt. #17-2, at 10.) In that complaint, Ducksworth stated that: (1) he was attacked by McGhee after their argument the previous day; (2) McGhee

---

[1] In addition, defendants recently moved for suspension of the remaining deadlines in this case pending a ruling on their potentially dispositive arguments. (Dkt. #38.) Although the court finds a single remaining claim has been found exhausted, the likelihood that a summary judgment motion on the merits will succeed particularly for lack of any compensable damages for the short period that McGhee was allowed to return to plaintiff Ducksworth's housing unit, *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020), the court will grant this motion in part by extending the summary judgment motion deadline to December 15, 2025, and striking the other deadlines in this case. Ducksworth also addresses his prior motion for discovery sanctions and costs in his Brief in Response to Defendants' Motion for Summary Judgment. (Dkt. #19; Dkt. #21.) However, the court has since denied that motion, finding that Ducksworth did not suffer any unfair prejudice. (Dkt. #29.)

2

threatened to kill him that morning; and (3) officers on the scene "failed to protect" him by intervening immediately before the assault. (*Id.*) Going forward, Ducksworth also requested that the officers remain more alert. (*Id.*) The Institution Complaint Examiner ("ICE") determined that officers acted appropriately and dismissed the complaint, and the Reviewing Authority ("RA") agreed. (*Id.*) Ducksworth appealed on December 13, emphasizing that he felt officers should have intervened earlier during the November 30 altercation, since they saw McGhee approach Ducksworth while yelling, "I'm going to kill you," before he threw a punch. (*Id.* at 17.) Both the Corrections Complaint Examiner ("CCE") and Office of the Secretary affirmed the ICE's decision dismissing the complaint. (*Id.* at 6.)

McGhee was released from disciplinary separation on January 20, 2023, and returned to Ducksworth's housing unit. (Dkt. #17-3, at 10.) Later, on January 30, 2023, Ducksworth filed another inmate complaint stating that McGhee had again threatened to kill him that day and he wanted "Mr. McGhee moved out of the facility" because he was "in fear of [his] life" in light of McGhee previously assaulting him on November 30. (*Id.*) In his complaint, Ducksworth emphasized that McGhee was again placed in his housing unit after leaving segregation on January 20. (*Id.*)

Ultimately, the ICE noted that McGhee was in fact moved to a different housing unit after Ducksworth made the report, stated that no further action was needed, and dismissed the complaint. (*Id.* at 2.) The RA agreed, and both the ICE and RA stated that Ducksworth could file an inmate request for separation indicating Special

3

Placement Needs if he wanted JCI security to determine whether further separation was warranted. (*Id.* at 2-3.) Ducksworth timely appealed the dismissal of his January 30 complaint on February 12, 2023, asserting that "McGhee should not have been returned to the unit after assaulting [him]," and that McGhee's return to the same housing unit placed him in a "life threatening position." (*Id.* at 12.) The CCE dismissed that appeal, stating that the officers addressed the complaint and again advising Ducksworth to submit a Special Placement Needs request if he wanted JCI security to investigate and consider a further special placement. (*Id.* at 8.)

OPINION

Defendants move for summary judgment, arguing that Ducksworth failed to exhaust his administrative remedies for each of his claims as required by the PLRA. Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In deciding summary judgment, the court must make all reasonable inferences from the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), although summary judgment is appropriate "if, on the record as a whole, a rational trier of fact could not find for the non-moving party." *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003).

4

The Prison Litigation Reform Act states that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Wisconsin law determines the administrative remedies available to persons incarcerated by the Wisconsin DOC. *Jackson v. Esser*, 105 F.4th 948, 956 (7th Cir. 2024). Relevant here, the Wisconsin Inmate Complaint Review System ("ICRS") requires that an inmate complaint "contain sufficient information for the department to investigate and decide the complaint." Wis. Admin. Code DOC § 310.07. While Wisconsin regulation does not define "sufficient" information, "an inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought,'" and contains enough information to allow prison officials to investigate and address the complaint. *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020)(quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Appeals are "limited to the issue raised in the original complaint." Wis. Admin. Code DOC § 310.09.

The PLRA requires that incarcerated persons strictly adhere to the applicable procedures. *Jackson*, 105 F.4th at 956. Furthermore, a prisoner must have exhausted all administrative remedies in order to proceed with a claim in federal court, even if the prison was already aware of the conditions about which he complained. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The purpose of these requirements is to

give prison officials an opportunity to internally resolve disputes and avoid litigation. *Jones v. Bock*, 549 U.S. 199, 204 (2007).

Ducksworth filed suit in this court on August 23, 2024, alleging that defendants were deliberately indifferent to the life-threatening risk posed by McGhee if he were returned to the same unit following his release from disciplinary separation. Specifically, Ducksworth alleges that: (1) defendants knew about the November 29 altercation but left McGhee on Ducksworth's unit, resulting in him assaulting Ducksworth in the dining room the next day, (Pl.'s Compl. (dkt. #1), at 2-3); (2) defendants were indifferent to the risk posed by allowing McGhee to return to Ducksworth's unit in January, even though they knew that McGhee made threats against him, (*id*. at 4-5); and (3) defendants continued to risk harm to Ducksworth by ignoring his Special Placement Needs requests that McGhee be moved to a different facility. (*Id*. at 5; Pl.'s Am. Compl. (dkt. #4), at 4).) Defendants argue that Ducksworth failed to exhaust his administrative remedies as to each of these grievances by failing to identify them in his inmate complaints. The court addresses whether Ducksworth exhausted his administrative remedies as to each claim in turn.

First, Ducksworth alleges that defendants knew about the November 29 altercation but left McGhee on Ducksworth's unit, resulting in him assaulting Ducksworth in the dining room the next day. (Pl.'s Compl. (dkt. #1), at 2-3.) While at least some defendants likely knew about the altercation on November 29, none of Ducksworth's inmate grievances complain that any of these defendants put him at risk

6

of harm by allowing McGhee to remain on the same unit with him after the November 29 altercation. Ducksworth's November 30 inmate complaint only addresses officers' purported failure to intervene sooner in the November 30 assault itself; it does not address any risk of harm that defendants created by allowing McGhee to remain in the same housing unit as Ducksworth after the November 29 argument in their cell. And, Ducksworth clarified in his December 13 appeal that he complained only that officers failed to intervene as McGhee approached him during the November 30 assault; he did not address any housing-related issues. Moreover, Ducksworth's January 30 inmate complaint only focuses on issues related to McGhee after his release from segregation. Therefore, Ducksworth failed to exhaust his administrative remedies as to his first claim—his inmate complaints did not identify any risk that defendants created by leaving McGhee in the same housing unit as Ducksworth between the November 29 and November 30 altercations. As such, Ducksworth failed to exhaust his administrative remedies as to this claim, and defendants are entitled to summary judgment. *See Schillinger*, 954 F.3d at 996.

Further, as explained in the court's screening order (dkt. #9), plaintiff brought claims against different defendants in an earlier lawsuit before this court arising out of McGhee having punched Ducksworth on November 30, 2022. In *Ducksworth v. Correctional Officers Beam, Murphy, and Marciulionis*, Case No. 23-cv-23-wmc, this court granted these defendants' motion for summary judgment in light of their having stopped McGhee's assault moments after it started, precluding a finding of deliberate indifference and

entitling defendants to qualified immunity. *Id*. at dkt. #53. At this point, neither issue nor claim preclusion appears to bar Ducksworth's present claims in this case, which allege different defendants acted with deliberate indifference to the ongoing risk posed by *continuing* to house on the same unit as McGhee after the November 30 incident. *Sanders v. Illinois Dep't of Healthcare & Fam. Servs.*, 592 F. App'x 516, 519 (7th Cir. 2014) ("One of the requirements for issue preclusion is that the issue was actually litigated and decided in the earlier case"); *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013) (claim preclusion "applies to bar a second suit in federal court when there exists: (1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits"). However, the applicability of either doctrine is not before the court on the pending motion and defendants may raise that defense as this case progresses. Still, as noted in its screening order, the court construes the issues presented in the complaint only as claims of deliberate indifference to the risks posed by leaving Ducksworth and McGhee on the same housing unit following his disciplinary release, since Ducksworth's earlier litigation precludes his renewing any failure to protect claim related to officers' alleged failure to intervene before or during the assault on November 30. (Dkt. #9.)

Second, Ducksworth alleges that defendants were deliberately indifferent to the risk posed by allowing McGhee to return to Ducksworth's unit on January 20, even though they knew about the November 30 assault and McGhee's threats against Ducksworth. (Pl.'s Compl. (dkt. #1), at 4-5.) In his January 30 complaint, Ducksworth specifically complains that McGhee was returned to the same housing unit upon his release from segregation despite assaulting him on November 30, and

8

McGhee's return made Ducksworth fear for his life. This complaint is sufficient to put defendants on notice of the risk that McGhee might well assault Ducksworth if he returned to Ducksworth's housing unit after the November 30 assault. *See Schillinger*, 954 F.3d at 995-996. This risk was further highlighted in Ducksworth's February 12 appeal, which states that: "McGhee should not have been returned to the unit after assaulting" Ducksworth, and sharing the same housing unit "put [Ducksworth] in a dangerous life threatening position." (Dkt. #17-3, at 12.) Drawing inferences from the record in the light most favorable to Ducksworth, Ducksworth exhausted his administrative remedies as to this claim. *See Schillinger*, 954 F.3d at 995-996. Thus, the court will deny defendants' motion for summary judgment on exhaustion as to Ducksworth's claim that defendants were deliberately indifferent to the risk of prisoner-on-prisoner assault posed by keeping Ducksworth and McGhee on the same unit after McGhee returned from segregation. *Id.*

Finally, Ducksworth alleges that defendants were deliberately indifferent to the risk of a prisoner-on-prisoner assault because they ignored his Special Placement Needs requests that either McGhee or he should be moved to a different facility after the November 30 incident. (Pl.'s Compl. (dkt. #1), at 5; (Pl.'s Am. Compl. (dkt. #4), at 4.) The record shows that Ducksworth filed at least one Special Placement Needs request in December 2022 (dkt. #20-4), and the parties otherwise dispute whether Ducksworth submitted additional Special Placement Needs requests before he filed his January 30 inmate complaint. In either case, although Ducksworth's January 30

9

complaint stated that he "want[s] Mr. McGhee moved out of the facility," he did not complaint that defendants ignored, deliberately disregarded, or otherwise improperly adjudicated his previous Special Placement Needs requests for separation. Regardless, in response to the January 30 inmate complaint, all of the complaint examiners encouraged Ducksworth to file a Special Placement Needs request to address the issue. Because Ducksworth's inmate grievances never raised the issue of defendants' indifference to his Special Placement Needs requests, he did not exhaust his administrative remedies as to this claim before filing suit. *See Schillinger*, 954 F.3d at 996. Accordingly, the court will grant defendants' motion for summary judgment on this claim as well. *See Anderson*, 477 U.S. at 248.

ORDER

IT IS ORDERED that:

(1) Defendants' motion for summary judgment for failure to exhaust administrative remedies (dkt. #15) is GRANTED IN PART as to plaintiff's claims that:

   a. defendants were deliberately indifferent to the risk of prisoner-on-prisoner assault between November 29 and 30, 2022, resulting in McGhee assaulting Ducksworth in the dining room on November 30; and

   b. defendants were deliberately indifferent to the risk of prisoner-on-prisoner assault because they ignored his Special Placement Needs requests.

(2) Defendants' motion for summary judgment for failure to exhaust administrative remedies (dkt. #15) is DENIED IN PART as to plaintiff's remaining claim that defendants were deliberately indifferent in January 2023 to the risk of prisoner-on-prisoner assault posed by keeping Ducksworth and McGhee on the same unit after McGhee returned from segregation.

(3)   Defendants' motion to stay all case deadlines (dkt. #38) is GRANTED by extending the deadline for summary judgment on the merits to December 15, 2025, and striking all other deadlines, including the trial and pretrial dates, pending a ruling on those motions.

Entered this 6th day of November, 2025.

                                    BY THE COURT:

                                    /s/

                                    _____

                                    WILLIAM M. CONLEY
                                    District Judge